UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARCAP CORPORATION,

                Plaintiff,

-against-

RONALD LISSAK,

                Defendant.
-----------------------------------------------------------------X

Case No.

**COMPLAINT**

Plaintiff, Marcap Corporation, by its attorneys, Moritt Hock Hamroff & Horowitz LLP, complaining of the Defendant, Ronald Lissak herein, respectfully alleges as follows:

## PARTIES

1. At all times hereinafter mentioned, Plaintiff, MarCap Corporation ("MarCap" or "Plaintiff"), was and still is a Delaware corporation with its principal place of business in Illinois.

2. Upon information and belief, at all relevant times hereinafter mentioned, Defendant, Ronald Lissak ("Defendant") was and still is an individual residing at 68 West 87th Street, New York, New York 10024.

## NATURE OF THE ACTION

3. This is a diversity action to enforce rights under a guaranty of certain lease obligations.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is founded upon 28 U.S.C. Section 1332(a)(1); the amount in controversy exceeds $75,000 and the Plaintiff and Defendant reside in different states.

5. The venue in this action is proper in the United States District Court, Southern District of New York pursuant to 28 U.S.C. Section 1391(a)(2) and Section 1391(a)(3); the Defendant resides in this District and a substantial part of the events giving rise to the present

claims have occurred within this District.

## BACKGROUND

6. On information and belief, the Defendant is the controlling principal and member of Pennsylvania PET Associates, LLC ("Penn"), Mobile PET/CT Associates, LLC ("Mobile"), and Doylestown PET Associates, LLC ("Doylestown").

7. On information and belief, the Defendant is also the controlling shareholder of Nuclear Management, Inc. ("Nuclear").

**The Mobile Lease**

8. On or about November 28, 2005, MarCap and Mobile entered into a Master Equipment Lease Agreement (the "Mobile Lease"). (A copy of the Mobile Lease is annexed hereto as **Exhibit "A"**). Consistent with the terms of the Mobile Lease, MarCap, as lessor, and Mobile, as lessee, thereafter entered into Schedule No. 1 ("Mobile Schedule 1"), pursuant to the terms of which Mobile leased the equipment identified therein. (A copy of the Mobile Schedule 1 is annexed hereto as **Exhibit "B"**).

9. Pursuant to the terms of the Mobile Lease and Mobile Schedule 1, Mobile was required to make sixty (60) consecutive monthly payments, commencing on or about December 1, 2005, and due on the first day of each month thereafter, with a pro rata payment being due for the period of time between November 28, 2005 and November 31, 2005. The amount of each monthly payment varies as follows:

> Months 1 though 18, $65,000 per month, plus applicable taxes
> Months 19 through 29, $50,000 per month, plus applicable taxes
> Months 30 through 60, $30,739.44 per month, plus applicable taxes

10. Mobile is in default of its obligations under the Mobile Lease and Mobile Schedule 1 by virtue of its failure to make payments when due. Moreover, on or about April 15,

2007, Mobile filed for protection under Chapter 11 of Title of 11 of the United States Code (the "Bankruptcy Code").

11.     Pursuant to Section 24 of the Mobile Lease, failure to make payments when due and Mobile's bankruptcy are both Events of Default under the Mobile Lease.

12.     Upon the occurrence of an Event of Default, pursuant to Section 25 of the Mobile Lease, MarCap is entitled to declare the entire unpaid balance under the Mobile Lease and Mobile Schedule 1 to be immediately due and payable. Pursuant to the terms of the Mobile Lease, Mobile is obligated to pay MarCap the sum of $2,034,952.37, plus applicable costs, expenses, fees and taxes.

**The Penn Lease**

13.     On or about January 6, 2006, MarCap and Penn entered into a Master Equipment Lease Agreement (the "Penn Lease"). (A copy of the Penn Lease is annexed hereto as **Exhibit "C"**). Consistent with the terms of the Penn Lease, MarCap, as lessor, and Penn, as lessee, thereafter entered into Schedule No. 1 ("Penn Schedule 1"), pursuant to the terms under which Penn leased the equipment identified therein. (A copy of Penn Schedule 1 is annexed hereto as **Exhibit "D"**).

14.     Pursuant to the terms of the Penn Lease and Penn Schedule 1, Penn was required to make fifty-four (54) consecutive monthly payments of $39,576, commencing on or about February 1, 2006, and due on the first day of each month thereafter, with a pro rata payment having been made for the period of time between January 6, 2006 and January 31, 2006.

15.     On or about June 12, 2006, the terms of Penn Schedule 1 were modified by letter agreement so that, Penn was obligated to make forty-four (44) consecutive monthly payments of $42,108.63. (See Letter attached to Exhibit D).

16. On or about February 1, 2006, MarCap, as lessor, and Penn, as lessee, entered into Schedule No. 2 ("Penn Schedule 2"), pursuant to the terms under which Penn leased additional Penn Equipment. (A copy of Penn Schedule 2 is annexed hereto as **Exhibit "E"**).

17. Pursuant to the terms of the Penn Lease and Penn Schedule 2, Penn was required to make forty-two (42) consecutive monthly payments of $1,437.91, commencing on or about February 1, 2006, and due on the first day of each month thereafter, with a pro rata payment being due for the period of time between January 6, 2006 and January 31, 2006.

18. Penn is in default of its obligations under the Penn Lease and Penn Schedules 1 and 2 by virtue of its failure to make payments when due. Moreover, on or about April 15, 2007, Penn filed for protection under Chapter 11 of Title of 11 of the Bankruptcy Code.

19. Pursuant to Section 24 of the Penn Lease, failure to make payments when due and Penn's bankruptcy are both Events of Default under the Penn Lease.

20. Upon the occurrence of an Event of Default, pursuant to Section 25 of the Penn Lease, MarCap is entitled to declare the entire unpaid balance under the Penn Lease to be immediately due and payable. Pursuant to the terms of the Penn Lease, MarCap is entitled to be paid $1,568,480.24, plus applicable costs, expenses, fees and taxes.

**The Doylestown Lease**

21. On or about January 31, 2006, MarCap and Doylestown, entered into a Master Equipment Lease Agreement (the "Doylestown Lease"). (A copy of the Doylestown Lease is annexed hereto as **Exhibit "F"**). Consistent with the terms of the Doylestown Lease, MarCap, as lessor, and Doylestown, as lessee, thereafter entered into Schedule No. 1 ("Doylestown Schedule 1"), pursuant to the terms of which Doylestown leased the equipment identified therein. (A copy of Doylestown Schedule 1 is annexed hereto as **Exhibit "G"**).

22.   Pursuant to the terms of the Doylestown Lease and Doylestown Schedule 1, Doylestown was required to make sixty-three (63) consecutive monthly payments, commencing on or about January 31, 2006, and due on the first day of each month thereafter. The amount of each monthly payment varies as follows:

>    Months 1 though 3, $0 per month, plus applicable taxes
>    Months 4 through 63, $34,904 per month, plus applicable taxes

23.   Doylestown is in default of its obligations under the Doylestown Lease and Doylestown Schedule 1 by virtue of its failure to make payments when due. Moreover, on or about April 15, 2007, Doylestown filed for protection under Chapter 11 of Title of 11 of the Bankruptcy Code.

24.   Pursuant to Section 24 of the Doylestown Lease, failure to make payments when due and Doylestown's bankruptcy are both Events of Default under the Doylestown Lease.

25.   Upon the occurrence of an Event of Default, pursuant to Section 25 of the Doylestown Lease, MarCap is entitled to declare the entire unpaid balance under the Doylestown Lease and Doylesown Schedule 1 to be immediately due and payable. Pursuant to the terms of the Doylestown Lease, Doylestown is obligated to pay MarCap the sum of $2,018,256.91, plus applicable costs, expenses, fees and taxes.

**The Nuclear Lease**

26.   On or about April 7, 2006, MarCap, as lessor, and Nuclear, as lessee, entered into a Master Equipment Lease Agreement (the "Nuclear Lease"). (A copy of the Nuclear Lease is annexed hereto as **Exhibit "H"**). Consistent with the terms of the Nuclear Lease, MarCap, as lessor, and Nuclear, as lessee, thereafter entered into Schedule No. 1 ("Nuclear Schedule 1"), pursuant to the terms of which Nuclear leased the equipment identified therein (the "Nuclear Equipment"). (A copy of Nuclear Schedule 1 is annexed hereto as **Exhibit "I"**).

27. Pursuant to the terms of the Nuclear Lease and Nuclear Schedule 1, Nuclear was required to make sixty-three (63) consecutive monthly payments, commencing on or about May 1, 2006, and due on the first day of each month thereafter, with a pro rata payment being due for the period of time between April 7, 2006 and April 30, 2006 . The amount of each monthly payment varies as follows:

> Months 1 though 3, $0 per month, plus applicable taxes
> Months 4 through 63, $46,392 per month, plus applicable taxes

28. MarCap, as lessor, and Nuclear, as lessee, also entered into Schedule No. 2 on or about April 7, 2006 ("<u>Nuclear Schedule 2</u>"), pursuant to the terms under which Nuclear leased additional Nuclear Equipment. (A copy of Nuclear Schedule 2 is annexed hereto as **Exhibit "J"**). Pursuant to the terms of the Nuclear Lease and Nuclear Schedule 2, Nuclear was required to make sixty-three (63) consecutive monthly payments, commencing on or about May 1, 2006, and due on the first day of each month thereafter, with a pro rata payment being due for the period of time between April 7, 2006 and April 30, 2006. The amount of each monthly payment varies as follows:

> Months 1 though 3, $0 per month, plus applicable taxes
> Months 4 through 63, $15,234 per month, plus applicable taxes

29. On or about November 20, 2006, the terms of Nuclear Schedule 2 were modified by letter agreement so that, Nuclear was obligated to make forty-four (44) consecutive monthly payments of $16,176.76, commencing on October 24, 2006. (See Letter attached to Exhibit J).

30. MarCap, as lessor, and Nuclear, as lessee, also contemporaneously entered into Schedule No. 3 ("<u>Nuclear Schedule 3</u>"), pursuant to the terms under which Nuclear leased additional Nuclear Equipment. (A copy of Nuclear Schedule 3 is annexed hereto as **Exhibit "K"**). Pursuant to the terms of the Nuclear Lease and Nuclear Schedule 3, Nuclear was required

to make sixty-three (63) consecutive monthly payments, commencing on or about May 1, 2006, and due on the first day of each month thereafter, with a pro rata payment being due for the period of time between April 7, 2006 and April 30, 2006. The amount of each monthly payment varies as follows:

> Months 1 though 3, $0 per month, plus applicable taxes
> Months 4 through 63, $15,234 per month, plus applicable taxes

31. Nuclear is in default of its obligations under the Nuclear Lease and Nuclear Schedule 1, Schedule 2 and Schedule 3 by virtue of its failure to make payments when due. Moreover, on or about April 15, 2007, Nuclear filed for protection under Chapter 11 of Title of 11 of the Bankruptcy Code.

32. Pursuant to Section 24 of the Nuclear Lease, failure to make payments when due and Nuclear's bankruptcy are both Events of Default under the Nuclear Lease.

33. Upon the occurrence of an Event of Default, pursuant to Section 25 of the Nuclear Lease, MarCap is entitled to declare the entire unpaid balance under the Nuclear Lease and Nuclear Schedule 1 and Nuclear Schedule 3 to be immediately due and payable. Pursuant to the terms of the Nuclear Lease, Nuclear is obligated to pay MarCap the sum of $6,631,771.35, plus applicable costs, expenses, fees and taxes.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANT

34. Plaintiff herein repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "31" of the Verified Complaint with the same force and effect as if fully set forth at length herein.

35. In order to induce MarCap to enter into, accept or otherwise agree to enter into the Mobile Lease with Mobile, on November 28, 2005, the Defendant executed an Unconditional

Guaranty (the "<u>Mobile Guaranty</u>") in MarCap's favor. (A copy of the Mobile Guaranty is annexed hereto as **Exhibit "L"**).

37. The Mobile Guaranty is "absolute, unconditional and a continuing guaranty which covers and secures the present and future amounts due or may become due under the [Lease and Schedules]." (Exhibit L).

37. In addition, "[t]he obligations of [the Defendant] are and shall at all times be the original, direct and primary obligations of [the Defendant], as if [the Defendant] were [Mobile]." (Exhibit L).

38. By reason of the foregoing, including without limitation, Mobile's failure to pay the amounts due and owing under the Mobile Lease and Mobile Schedule 1 and Mobile's filing for bankruptcy protection, there is presently due and owing from Mobile to MarCap, the outstanding Mobile Lease balance of $2,034,952.37 as of May 14, 2007, plus continuing applicable late charges, fees and interest due under the Lease thereafter.

39. As the absolute and unconditional guarantor of Mobile's obligation under the Mobile Lease, the Defendants is obligated to pay MarCap $2,034,952.37, plus all applicable interest, fees, costs and expenses provided for in the Mobile Lease.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT

40. Plaintiff herein repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "39" of the Verified Complaint with the same force and effect as if fully set forth at length herein.

41. In order to induce MarCap to enter into, accept or otherwise agree to enter into the Penn Lease with Penn, on January 6, 2006, the Defendant executed an Unconditional

Guaranty (the "Penn Guaranty") in MarCap's favor. (A copy of the Penn Guaranty is annexed hereto as **Exhibit "M"**).

42. The Penn Guaranty is "absolute, unconditional and a continuing guaranty which covers and secures the present and future amounts due or may become due under the [Lease]." (Exhibit M).

43. In addition, "[t]he obligations of [the Defendant] are and shall at all times be the original, direct and primary obligations of [the Defendant], as if [the Defendant] were [Penn]." (Exhibit M).

44. By reason of the foregoing, including without limitation, Penn's failure to pay the amounts due and owing under the Penn Lease and Penn Schedules 1 and 2 and Penn's filing for bankruptcy protection, there is presently due and owing from Penn to MarCap, the outstanding Penn Lease balance of $1,568,480.24 as of May 14, 2007, plus continuing applicable late charges, fees and interest due under the Penn Lease thereafter.

45. As the absolute and unconditional guarantor of Penn's obligation under the Penn Lease, the Defendant is obligated to pay MarCap $1,568,480.24, plus all applicable interest, fees, costs and expenses provided for in the Penn Lease.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANT

46. Plaintiff herein repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "45" of the Verified Complaint with the same force and effect as if fully set forth at length herein.

47. In order to induce MarCap to enter into, accept or otherwise agree to enter into the Doylestown Lease with Doylestown, on January 31, 2006, the Defendant executed an

Unconditional Guaranty (the "<u>Doylestown Guaranty</u>") in MarCap's favor. (A copy of the Doylestown Guaranty is annexed hereto as **Exhibit "M"**).

48. The Guaranty is "absolute, unconditional and a continuing guaranty which covers and secures the present and future amounts due or may become due under the [Lease]." (Exhibit M).

49. In addition, "[t]he obligations of [the Defendant] are and shall at all times be the original, direct and primary obligations of [the Defendant], as if [the Defendant] were [Doylestown]." (Exhibit M).

50. By reason of the foregoing, including without limitation, Mobile's failure to pay the amounts due and owing under the Doylestown Lease and Doylestown Schedule 1 and Doylestown filing for bankruptcy protection, there is presently due and owing from Doylestown to MarCap, the outstanding Doylestown Lease balance of $2,018,256.91, plus continuing applicable late charges, fees and interest due under the Lease thereafter.

51. As the absolute and unconditional guarantor of Doylestown's obligation under the Doylestown Lease, the Defendants is obligated to pay MarCap $2,018,256.91, plus all applicable interest, fees, costs and expenses provided for in the Doylestown Lease.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST DEFENDANT

52. Plaintiff herein repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "51" of the Verified Complaint with the same force and effect as if fully set forth at length herein.

53. In order to induce MarCap to enter into, accept or otherwise agree to enter into the Nuclear Lease with Nuclear, on April 7, 2006, the Defendant executed an Unconditional

Guaranty (the "Nuclear Guaranty") in MarCap's favor. (A copy of the Nuclear Guaranty is annexed hereto as **Exhibit "O"**).

54. The Guaranty is "absolute, unconditional and a continuing guaranty which covers and secures the present and future amounts due or may become due under the [Lease]." (Exhibit O).

55. In addition, "[t]he obligations of [the Defendant] are and shall at all times be the original, direct and primary obligations of [the Defendant], as if [the Defendant] were [Nuclear]." (Exhibit O).

56. By reason of the foregoing, including without limitation, Nuclear's failure to pay the amounts due and owing under the Nuclear Lease and Nuclear Schedule 1, Schedule 2 and Schedule 3 and Nuclear's filing for bankruptcy protection, there is presently due and owing from Mobile to MarCap, the outstanding Nuclear Lease balance of $6,631,771.35 as of May 14, 2007, plus continuing applicable late charges, fees and interest due under the Nuclear Lease thereafter.

57. As the absolute and unconditional guarantor of Nuclear's obligation under the Nuclear Lease, the Defendants is obligated to pay MarCap $6,631,771.35, plus all applicable interest, fees, costs and expenses provided for in the Nuclear Lease.

### AS AND FOR A FIFTH CAUSE OF ACTION
### AGAINST DEFENDANT

58. Plaintiff herein repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "57" of the Verified Complaint with the same force and effect as if fully set forth at length herein.

59. Pursuant to Section 25 of the Mobile, Penn, Doylestown and Nuclear Leases, as a remedy upon default, MarCap is entitled to be reimbursed for "all fees, costs and expenses

incurred by [MarCap] as a result of such default, including, without limitation [MarCap's] reasonable attorneys', apprasiers' and brokers' fees and all other expenses and costs."

60. As a result of the foregoing and by virtue of the Mobile, Penn, Doylestown and Nuclear Guaranties, there is due and owing from Defendant to MarCap all costs of collections, including, but not limited to, reasonable attorneys', appraisers' and brokers' fees incurred by MarCap in connection with the enforcement of the terms of the Mobile Lease, Penn Lease, Doylestown Lease and Nuclear Lease, as well as all costs, expenses and fees, including, but not limited to attorneys' fees, incurred by MarCap in enforcing its rights under the Mobile, Penn, Doylestown and Nuclear Guaranties.

**WHEREFORE**, the Plaintiff, MarCap Corporation, demands judgment against the Defendant as follows:

A. On the First Cause of Action against Defendant Ronald Lissak, awarding MarCap the sum of $2,034,952.37 as of May 14, 2007, plus applicable accruing late charges, fees and interest thereon;

B. On the Second Cause of Action against Defendant Ronald Lissak, awarding MarCap the sum of $ 1,568,480.24, as of May 14, 2007, plus applicable accruing late charges, fees and interest thereon;

C. On the Third Cause of Action against Defendant Ronald Lissak, awarding MarCap the sum of $2,018,256.91, as of May 14, 2007, plus applicable accruing late charges, fees and interest thereon;

D. On the Fourth Cause of Action against Defendant Ronald Lissak, awarding MarCap the sum of $6,631,771.35, as of May 14, 2007, plus applicable accruing late charges, fees and interest thereon;

E.  On the Fifth Cause of Action against Defendant Ronald Lissak, awarding Plaintiff such costs, expenses and fees, including, but not limited to, attorneys', appraisers' and brokers' fees as may be determined by this Court; and

F.  For such other and further relief as this Court may deem just and proper.

Dated: Garden City, New York
May 15, 2007

                        **MORITT HOCK HAMROFF & HOROWITZ LLP**
                        Attorneys for Plaintiff MarCap Corporation

                        By: _____
                            Leslie A. Berkoff, Esq. (4584)
                            400 Garden City Plaza
                            Garden City, New York 11530
                            (516) 873-2000

F:\Marcap\Integral Nuclear Associates\Docs\Guarantor Action\Marcap Complaint V2.Doc