# marcap

MarCap Corporation

200 West Jackson
Suite 2000
Chicago, Illinois 60606

phone: 800.621.1677
fax: 312.984.1627
www.marcapcorp.com

## UNCONDITIONAL GUARANTY

Principal: **Mobile PET/CT Associates, LLC**
Guaranteed Documents: (Check Applicable Box)

[☒] Master Equipment Lease Agreement dated as of November 28, 2005 including all Schedules heretofore and hereafter made a part thereof and ancillary documents executed in connection therewith;

[☐] Other (Specify):

In order to induce MarCap Corporation, a Delaware corporation ("MarCap") to enter into, accept or acquire the above-described Guaranteed Documents with, from or made by Principal, and/or to advance monies or extend or continue to extend credit to or for the benefit of Principal under the Guaranteed Documents or other indebtedness to MarCap heretofore and hereafter made, each of the undersigned ("Guarantor"), jointly, severally and unconditionally guarantee to MarCap (i) the prompt and full payment when due, by acceleration or otherwise, of all sums now or any time hereafter due from Principal to MarCap under the Guaranteed Documents and any other indebtedness owed MarCap, whether matured or unmatured, fixed or contingent, now existing or hereinafter and howsoever arising and (ii) the prompt, full and faithful performance and discharge by Principal of each and every agreement and warranty of Principal set forth in the Guaranteed Documents ("Principal's Obligations").

This Unconditional Guaranty is absolute, unconditional and a continuing guaranty which covers and secures the present and future amounts due or that may become due under the Guaranteed Documents. The liability of Guarantor hereunder shall in no event be affected or impaired by any renewals, amendments, modifications or supplements of or to any of the Guaranteed Documents, or by any extensions, forbearances, compromises or releases of any of Principal's Obligations or any of MarCap's rights under any of the Guaranteed Documents and Guarantor hereby consents to and waives notice of any of the foregoing. Guarantor expressly waives any objections or defenses relating to (i) the diligence in collection of or any failure or delay by MarCap in protection, perfection or enforcement of MarCap's rights under the Guaranteed Documents or in or to any collateral securing any of Principal's Obligations, (ii) notice of acceptance by MarCap of this Unconditional Guaranty or of any of the Guaranteed Documents, (iii) notice of leasing of any additional property to Principal under any additional lease or schedule to the Guaranteed Documents, (iv) notice of advancement of any funds to or for the benefit of Principal, (v) all other notices and formalities to which Principal and/or Guarantor may be entitled, by status or otherwise, and (vi) any other circumstances whatsoever which might constitute a defense to enforcement of this Unconditional Guaranty. Until all of Principal's Obligations have been paid in full, Guarantor shall have no rights of subrogation. Guarantor furthers waives any right of setoff, recoupment or counterclaim against MarCap with respect to any claim or demand Guarantor may at any time have against Principal, or against any other person or concern liable for Principal's Obligations, and as further security to MarCap any and all debts or liabilities now or hereafter owing to Guarantor by Principal and/or by such other person or concern, and any lien, security or collateral given to Guarantor in connection therewith, are hereby subordinated to the claims and liens of, and assigned to, MarCap.

The obligations of Guarantor hereunder are and shall at all times be the original, direct and primary obligations of Guarantor, as if Guarantor were the Principal. MarCap shall not in any event be obligated to pursue or exhaust any rights or remedies against Principal or others, or resort to any security, prepayments or collateral as a prerequisite to enforcing this Unconditional Guaranty against Guarantor. This Unconditional Guaranty shall be binding upon Guarantor and their respective heirs, personal representatives, successors and assigns, and shall inure to the benefit of MarCap and its successors and assigns. All amounts due under this Unconditional Guaranty are payable on demand, together with reasonable attorneys' fees and expenses of collection if this Unconditional Guaranty is placed with an attorney for enforcement against Guarantor.

If Guarantor is a corporation or other business organization, each signatory on behalf of each such organization warrants that he has authority to sign on behalf of such corporation and by so signing, to bind said corporation hereunder. If Guarantor is the spouse of Principal or another Guarantor of the Guaranteed Documents, it is the intent of such spouses to bind to the performance of this Unconditional Guaranty the separate estate of such person(s) together with all joint and/or community property of such person(s).

Form SDI009 070105)

Guarantor hereby agrees this Unconditional Guaranty shall be governed in all respects by the laws of the State of Illinois and that all actions or proceedings arising directly or indirectly from this Unconditional Guaranty shall be litigated only in courts (state or federal) having situs in the State of Illinois and the County of Cook unless MarCap, in its sole discretion, waives this provision. The Guarantor hereby expressly submits and consents in advance to such jurisdiction in any action or proceeding commenced by MarCap in any state or federal court located within the State of Illinois. GUARANTOR WAIVES ANY CLAIM THAT ANY ACTION INSTITUTED BY MARCAP HEREUNDER IS IN AN INCONVENIENT FORUM OR AN IMPROPER FORUM BASED ON LACK OF VENUE AND GUARNTOR HEREBY WAIVES ANY RIGHT TO TRIAL BY JURY.

No modification or waiver of any of the provisions of this Unconditional Guaranty shall be effective unless in writing and agreed to by Guarantor and signed by an officer of MarCap. Guarantor agrees to furnish to MarCap such financial information concerning the Guarantor as MarCap may reasonably request from time to time, including, without limitation, a certified audit report of any business operated by Guarantor. If any provision of this Unconditional Guaranty or the application thereof is hereafter held invalid or unenforceable, the remainder of this Unconditional Guaranty shall not be affected thereby, and to this and the provisions of this Unconditional Guaranty are declared severable. Guarantor authorizes MarCap to obtain credit bureau reports and make any other credit inquiries that MarCap determines are appropriate, in MarCap's sole discretion. This Unconditional Guaranty may be executed in any number of counterparts and by different parties on separate counterparts, each of which, when executed and delivered, shall be deemed to be an original, and all of which, when taken together, shall constitute but one and the same Unconditional Guaranty. Delivery of an executed counterpart of this Unconditional Guaranty by facsimile shall be equally as effective as delivery of a manually executed counterpart. Any party delivering an executed counterpart of this Assignment by facsimile also shall deliver a manually executed counterpart of this Assignment but the failure to deliver a manually executed counterpart shall not affect the validity, enforceability, and binding effect of this Unconditional Guaranty.

MarCap will release 50% of the personal guaranty by Ronald J. Lissak after 36 full monthly payments and the remaining 50% after receipt of 48 full monthly payments based upon Principal's full satisfaction of the following: i) MarCap has received all rental payments under the lease schedule referenced above within 10 days of their respective due date, ii) on a cash and GAAP basis, Principal's net income exceeds its debt amortization (principal and interest payments) plus rent, for the preceding twelve (12) months prior to release by a factor of 125% and iii) Principal is not in default with MarCap or any other creditors

Dated as of this 28th day of November, 2005

Guarantor: Ronald J. Lissak
(please print full legal name)
By: _____
(signature of duly authorized representative
If corporate or business entity)
Print Name: Ronald Lissak
SSN/FEIN: _____
Title: _____
Address: 68 W. 87th Street
New York, New York 10024
Telephone: 212-595-7784

Witness:
Signature: Mary Sigovich
Print Name: Mary Sigovich

Guarantor: Integral PET Associates, LLC
(please print full legal name)
By: _____
(signature of duly authorized representative
If corporate or business entity)
Print Name: Ronald Lissak
SSN/FEIN: 13-4117129
Title: Member
Address: 43 Leopard Road, Suite 200
Paoli, PA 19301
Telephone: 610-993-1640 x 204

Witness:
Signature: Mary Sigovich
Print Name: Mary Sigovich